# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER J. POSTLEY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 08-4479 |
| | : | |
| **GERALD ROZUM,** *et al* | : | |

## ORDER

**AND NOW**, this 30th day of December, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the Report and Recommendation filed by United States Magistrate Judge David R. Strawbridge and the petitioner's objections to the Report and Recommendation, and after a thorough and independent review of the record, it is **ORDERED** that:

1. The petitioner's objections are **OVERRULED**;

2. The Report and Recommendation of Magistrate Judge Strawbridge is **APPROVED** and **ADOPTED**[1]; and

3. The petition for writ of habeas corpus is **DENIED**.

---

[1] Magistrate Judge Strawbridge's report reflects a thorough review of the record and a thoughtful analysis of the issues raised. Accordingly, there is no need to amplify, except to consider a change in the procedural history that has occurred since the report was issued. At the time the Report and Recommendation was issued, the petitioner's second PCRA petition was still pending in the state court. However, on December 2, 2009, Judge Sheila Woods-Skipper denied petitioner's second PCRA petition as untimely.

Petitioner objects to Magistrate Judge Strawbridge's conclusion that his petition was untimely. He argues that the habeas limitations period was tolled by the filing of his second PCRA petition. In *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), the Supreme Court held that a state post-conviction petition rejected by the state court as untimely is not "properly filed" and does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). In *Pace*, the petitioner claimed that this ruling was unfair, because "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out . . . that he has not properly filed, and thus that his federal habeas petition is time barred." *Pace*, 544 U.S. at 416 (internal quotation marks omitted). The Supreme Court explained that this situation can be avoided "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.* at 416. See *Rhines v. Weber*, 544 U.S. 269 (2005). However, this device can only operate to toll the limitations period if the petition was filed within the applicable time period. In this case, petitioner did not file his habeas petition within that period. Because the state court determined that petitioner's second PCRA petition was untimely, the statute of limitations under § 2244(d)(2) was not tolled.

4. There is no probable cause to issue a certificate of appealability.

    /s/ Timothy J. Savage
    TIMOTHY J. SAVAGE,  J.